|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| SANTOS ZEPEDA,           ) | Case No.: 1:12-cv-01431-JLT |
|---|---|
| Petitioner,              ) | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION (Doc. 1) |
| v.                       ) | |
| CONNIE GIPSON, Warden,   ) | ORDER DIRECTING THAT CLERK OF THE COURT ENTER JUDGMENT AND CLOSE FILE |
| Respondent.              ) | |
|                          ) | ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### PROCEDURAL HISTORY

The instant petition was filed on March 26, 2012. On September 7, 2012, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 6).

### DISCUSSION

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is

absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  Indeed, claims challenging the validity of a prisoner's continued incarceration, including the fact or length of the custody, lie within the "heart of habeas corpus" and are cognizable only in federal habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 498-99, 499 n.14 (1973).  In contrast, an action pursuant to 42 U.S.C. § 1983 is appropriate for a state prisoner challenging the conditions of prison life but not the fact or length of the custody.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).

With respect to prison disciplinary proceedings, it is established that a constitutional claim concerning the application of rules administered by a prison or penal administrator that challenges the duration of a sentence is a cognizable claim of being in custody in violation of the Constitution pursuant to 28 U.S.C. § 2254.  See, e.g., Superintendent v. Hill, 472 U.S. 445, 454 (1985) (determining a procedural due process claim concerning loss of time credits resulting from disciplinary procedures and findings).  The Supreme Court has held that challenges to prison disciplinary adjudications that have resulted in a loss of time credits must be raised in a federal habeas corpus action and not in a § 1983 action because such a challenge is to the very fact or duration of physical imprisonment, and the relief sought is a determination of entitlement of immediate or speedier release.  Preiser, 411 U.S. at 500.

The Supreme Court's decisions concerning any boundaries between habeas jurisdiction and § 1983 jurisdiction have been rendered in cases involving § 1983 proceedings.  Thus, it is established that regardless of the precise relief sought, an action pursuant to § 1983 concerning prison administrative processes is barred if success in the action would necessarily demonstrate the invalidity of the confinement or its duration, or necessarily imply the invalidity of a conviction or sentence. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (parole processes).  However, the limits on habeas jurisdiction, or the appropriate extent of any overlap between habeas and § 1983, has not been definitively addressed by the Supreme Court.  The Supreme Court has adverted to the possibility of habeas as a potential alternative remedy to an action under § 1983 for unspecified additional and

2

unconstitutional restraints during lawful custody, Preiser v. Rodriguez, 411 U.S. at 499-500, but it has declined to address whether a writ of habeas corpus may be used to challenge conditions of confinement as distinct from the fact or length of confinement itself, see, Bell v. Wolfish, 441 U.S. 520, 527 n.6 (1979). Nevertheless, the Court continues to recognize a "core" of habeas corpus that refers to suits where success would inevitably affect the legality or duration of confinement. For example, in Wilkinson, the Court noted that if success on a claim would mean at most a new opportunity for review of parole eligibility, or a new parole hearing at which authorities could discretionarily decline to shorten a prison term, then success would not inevitably lead to release, and the suit would not lie at the core of habeas corpus. Wilkinson, 544 U.S. at 82.

In the singular context of parole, cases in this circuit have recognized a possibility of habeas jurisdiction in suits that do not fall within the core of habeas corpus. Bostic v. Carlson, 884 F.3d 1267 (9th Cir. 1989) (expungement of disciplinary finding likely to accelerate eligibility for parole)[1]; Docken v. Chase, 393 F.3d 1024 (9th Cir. 2004) (a claim challenging the constitutionality of the frequency of parole reviews, where the prisoner was seeking only equitable relief, was held sufficiently related to the duration of confinement). However, relief pursuant to § 1983 remains an appropriate remedy for claims concerning administrative decisions made in prison where success would not necessarily imply the validity of continuing confinement. Docken v. Chase, 393 F.3d at 1030 (characterizing Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997) as holding that a § 1983 suit is an appropriate remedy for challenges to conditions [there, administrative placement in a sex offender program affecting eligibility for parole] which do not necessarily imply the invalidity of continuing confinement).

Nevertheless, it is established in this circuit that where a successful challenge to a disciplinary hearing *or, as in this case, an administrative sanction*, will not necessarily shorten the overall length of confinement, then habeas jurisdiction is lacking. In Ramirez v. Galaza, 334 F.3d 850 (9th Cir. 2003), a prisoner sought relief pursuant to § 1983 for allegedly unconstitutional disciplinary proceedings that resulted in administrative segregation. It was held that § 1983 was the appropriate

---

[1] The Court notes that Bostic involved a suit pursuant to 28 U.S.C. § 2241, not § 2254.

remedy because the alleged constitutional errors did not affect the overall length of the prisoner's confinement; success in the § 1983 action would not necessarily result in an earlier release from incarceration, and the § 1983 suit did not intrude upon the core or "heart" of habeas jurisdiction. Ramirez, 334 F.3d at 852, 858.

The court in Ramirez went further and considered the related question of the extent of habeas corpus jurisdiction, expressly stating that its holding "also clarifies our prior decisions addressing the availability of habeas corpus to challenge the conditions of imprisonment." 334 F.3d at 858. The court reviewed the decisions in Bostic v. Carlson and Neal v. Shimoda and concluded as follows:

> Our decision in Neal v. Shimoda, 131 F.3d 818 (9th Cir.1997), illustrates the importance of measuring the likelihood that a suit under § 1983 will affect the length of the prisoner's confinement. In Neal, two state prisoners filed suits under § 1983 alleging that they were classified as sex offenders in violation of the Due Process and Ex Post Facto guarantees. Id. at 822-23. Among other harms, both inmates argued that the classification affected their eligibility for parole. Id. We held that Heck did not require the inmates to invalidate their classification before bringing suit under § 1983, because a favorable judgment "will in no way guarantee parole or necessarily shorten their prison sentences by a single day." Id. at 824. The prisoner suits did not seek to overturn a disciplinary decision that increased their period of incarceration. Rather, a successful § 1983 action would provide only "a ticket to get in the door of the parole board." Id. A favorable judgment, therefore, would not "undermine the validity of their convictions," or alter the calculus for their possible parole. Id.
>
> Neal makes clear that under Preiser habeas jurisdiction is proper where a challenge to prison conditions would, if successful, necessarily accelerate the prisoner's release. Thus, Neal accords with our holding here that habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.

Ramirez, 334 F.3d at 858-59.

Thus, habeas jurisdiction might be predicated on some conditions claims affecting parole if there is a sufficient nexus to the length of imprisonment or a sufficient likelihood of affecting the overall length of a prisoner's confinement. Docken v. Chase, 393 F.3d at 1030-31. However, the court has emphasized that measurement of the likelihood will result in an absence of habeas jurisdiction where the challenge will not necessarily shorten the overall sentence. Ramirez, 334 F.3d at 859. In Ramirez, expungement of the disciplinary action was not shown to be likely to accelerate eligibility for parole; rather, success there would have meant only an opportunity to seek parole from a board that could deny parole on any ground already available to it. Thus, the suit did not threaten to advance the parole date. Id. at 859.

Here, Petitioner challenges Respondent's determination that he is a member of a prison gang and his subsequent confinement in the Secure Housing Unit ("SHU").  Petitioner invokes various federal constitutional provisions that he contends have been violated by Respondent's actions.  However, nowhere does Petitioner establish, nor even allege, that these administrative decisions have resulted in, or even have the probability of, extending the length of his incarceration.  Put more precisely, Petitioner has failed to allege, let alone establish, that any of the challenged administrative decisions made by Respondent, if reversed by this Court on habeas review, would necessarily implicate the validity of Petitioner's continuing confinement, Docken v. Chase, 393 F.3d at 1030, nor would a reversal necessarily result in an earlier release from incarceration.  Ramirez, 334 F.3d at 852, 858.  Accordingly, the Court lacks habeas corpus jurisdiction and the petition must be dismissed.

Moreover, the Court declines to issue a certificate of appealability.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).   The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

5

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED for lack of jurisdiction;
2. The Clerk of the Court is DIRECTED to enter judgment and close the file; and,
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **September 20, 2012**          **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE