UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS ZEPEDA,<br><br>  Petitioner,<br><br>  v.<br><br>CONNIE GIPSON, Warden,<br><br>  Respondent. | Case No.: 1:12-cv-01431-JLT<br><br>ORDER DENYING PETITIONER'S MOTION TO ENLARGE THE TIME TO FILE HIS NOTICE OF APPEAL (Doc. 11)<br><br>ORDER DISREGARDING AS MOOT PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY (Doc. 10) |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 7, 2012, Petitioner filed his written consent to the jurisdiction of the Magistrate Judge for all purposes. (Doc. 6).

**PROCEDURAL HISTORY**

The instant petition was filed on August 24, 2012. (Doc. 1). On September 20, 2012, the Court issued an order dismissing the petition for failure to present a cognizable federal habeas claim. (Doc. 8). In addition to dismissing the petition, that order also declined to issue a certificate of appealability. The Clerk of the Court entered judgment on September 20, 2012. (Doc. 9). On September 19, 2013, Petitioner filed a motion for a thirty-day extension of time to file a motion for a certificate of appealability. (Doc. 10). On that same date, Petitioner filed the instant motion to file a late notice of appeal. (Doc. 11).

1

## **DISCUSSION**

Rule 11 of the Rules Governing Section 2254 Cases provides that Federal Rule of Appellate Procedure Rule 4(a) governs the time to appeal an order dismissing or denying a habeas corpus petition. Pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, parties in civil cases must file the notice of appeal within thirty days after entry of the judgment or order appealed from. Once the thirty-day period has elapsed, there are two entirely different provisions of Rule 4 under which a party may seek relief. First, under Fed. R. App. P. Rule 4(a)(5), this Court may extend the time to file a notice of appeal if (1) the party moves for an extension of time no later than thirty days after the time prescribed by Rule 4(a) expires, and (2) the party shows excusable neglect or good cause. Under Rule 4(a)(5), the Court may not grant an extension that exceeds thirty days after the prescribed time or fourteen days after the date when the order granting the motion is entered, whichever is later. Fed. R. App. P. Rule 4(a)(5)(C).

A second avenue of relief is contained in Rule 4(a)(6). The district court may reopen the time to file an appeal for a period of fourteen days after the date when its order to reopen is entered, but only if all of the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of judgment or order sought to be appealed within 21 days after the entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under the Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. Rule 4(a)(6).

Here, the Court's docket indicates that the order dismissing the petition and entering judgment took place on September 20, 2012. (Docs. 8 & 9). There is, however, no corresponding docket entry indicating that the orders were served on Petitioner. Instead, the docket entry indicating service on Petitioner is dated June 26, 2013.

Petitioner's declaration indicates that Petitioner did not receive any notification of dismissal or entry of judgment on or about the time judgment was entered on September 20, 2012. On June 17, 2013, Petitioner wrote a letter to the Court inquiring as to the status of his case. (Doc. 11, p. 2).

1 Petitioner states that he received a copy of the order of dismissal and entry of judgment shortly
2 thereafter; however, Petitioner is only able to indicate that the date was "in late June/early July of
3 2013." (Doc. 11, p. 2).  Petitioner immediately requested a copy of the prison mail room records to
4 determine if the dismissal had been sent but not delivered to him.  (Id.).  However, before Petitioner
5 could submit anything to this Court, he was notified, on July 16, 2013, that he was being transferred to
6 another prison facility, and, the following day, he was in fact transferred to another facility.  (Id.).
7 Since his arrival at his new facility, Petitioner had been attempting to assemble his legal papers to
8 submit the instant request for an extension of time to the Court.  (Id.).

9       Assuming that Petitioner's allegations are true, and considering the Court's own docket as
10 evidence, it appears that the Court did not serve Petitioner with the order of dismissal and entry of
11 judgment dated September 20, 2012 at the time those orders were entered.  Indeed, it appears that no
12 service was made on Petitioner until June 26, 2013, undoubtedly in response to receiving his letter of
13 inquiry.

14       Under those circumstances, and pursuant to Rule 4(a)(5), the Court could only have extended
15 the time for filing a notice of appeal by thirty days if, and only if, Petitioner had filed his motion for
16 extension of time within the thirty-day window *following* the expiration of the *original* thirty-day
17 period for filing the notice of appeal.  In this case, the thirty-day period for filing the notice of appeal
18 would have commenced on September 21, 2012, and would have concluded on October 20, 2012.
19 Petitioner would then have had thirty days within which to file a motion for extension of time, i.e., or
20 until November 19, 2012.  As mentioned, Petitioner's motion was filed on September 19, 2013, eleven
21 months after the deadline set forth in Rule 4(a)(5).  Hence, the Court would have to deny the motion
22 for extension of time based on Rule 4(a)(5).

23       The second alternative would be to reopen the time to file a notice of appeal pursuant to Rule
24 4(a)(6). However, unfortunately, Petitioner has waited too long to file his motion.  Rule 4(a)(6)
25 provides that the Court may reopen the time for filing the notice of appeal for fourteen days if, and
26 only if, (1) the Court finds that Petitioner did not receive proper notice of the dismissal within 21 days
27 after entry and, (2) if Petitioner files his motion within 180 days after the judgment or order was
28 entered or within 14 days after he received notice of the dismissal, whichever is shorter.  Fed. R. App.

P. Rule 4(a)(5)(A), (B).  Here, the Court has already found that Petitioner did not receive proper notice within 21 days of the entry of the dismissal order.  However, the instant motion was filed well outside the 180 day limit and was not filed within fourteen days after Petitioner received notice of the dismissal, which would have been or about June 26, 2013.  Indeed, although Petitioner does not specify a date, he does indicate that he received service of the order of dismissal in "late June/early July" of 2013.  He would then have had fourteen days within which to move for reopening the time for filing his notice of appeal, which, charitably, would have been approximately August 1, 2013. Petitioner did not file his motion until September 19, 2013, approximately 49 days after the 14-day period would have expired.  Thus, it does not appear that Petitioner qualifies under either subsection of Rule 4(a) for relief.  Accordingly, the Court will deny his motion for extension of time to file the notice of appeal.  Moreover, since the Court declined to issue a certificate of appealability in the order of dismissal itself, Petitioner's motion for an extension of time to file his request for a certificate of appealability will be disregarded as moot.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. Petitioner's motion for extension of time to file a notice of appeal (Doc. 11), is DENIED; and,

2. Petitioner's motion for extension of time to file a certificate of appealability (Doc. 10), is DENIED.

IT IS SO ORDERED.

Dated:   **October 2, 2013**             **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE

4